IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL E. PEREZ-MORALES and his wife
JAIDYS ALDEBOL- ROMAN;
WILLIAM CALDERON-TRAVERZO and his
wife MARIA M. GRACIANI-GOTAY and the
conjugal partnership constituted by both;
JORGE E. ORTIZ-SANTIAGO and his wife
LARA M. IRIZARRY and the legal conjugal
partnership constituted by both

Plaintiffs

vs                                                                      CIVIL 07-1887CCC

HILTON INTERNATIONAL OF PUERTO
RICO, INC. d/b/a CARIBE HILTON HOTEL;
UNION OF THE GASTRONOMICAL
INDUSTRY WORKERS OF PUERTO
RICO, LOCAL 610 (UNITE HERE)

Defendants

## OPINION AND ORDER

There are two pending dispositive motions (**docket entries 8 and 12**) filed in the action before us which was commenced in the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Section, pursuant to the Constitution of Puerto Rico, for damages under Article 1802 and for breach of contract under Articles 1056 through 1060 of the Civil Code of Puerto Rico was removed to this Court pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185(a) (NLRA).  The principle plaintiffs are Angel E. Pérez-Morales, William Calderón-Traverzo and Jorge Ortiz-Santiago.  Plaintiffs are all members of  the defendant Union of the Gastronomical Industry Workers of Puerto Rico, Local 610 (the Union), which represents them in their employment as bartenders with defendant Hilton International of Puerto Rico, Inc., doing business as the Caribe Hilton Hotel (The Hotel).  The facts as alleged in the complaint are as follows:

Plaintiffs worked as part of a group of eight bartenders assigned to work in the bar and restaurant area known as the Atlántico.  The eight were allegedly rotated in all the bars in the area and assigned their work shifts equally according to their seniority.  Plaintiffs aver

CIVIL 07-1887CCC                                    2

that they were numbers 5, 6 and 7 in seniority.  They contend that in May, 2006, as the Hotel and the Union began to negotiate the CBA that would govern their employment from September 1, 2006 to August 31, 2009, rumors began to circulate that the Union was proposing to make changes in the rotation system that would give the three bartenders with greatest seniority fixed shifts and assignments at the main bar or bars of the Atlántico,[1] while the remaining five bartenders would continue rotating through other areas.  Plaintiffs allege that the bars of the Atlántico area remain open to the public with greater regularity, are the most frequented and generate the greater tips.

Plaintiffs mounted a campaign to stop the change.  Pérez sent a letter to the Union directors and members of the negotiating committee expressing his disagreement around May 10, 2006 (Complaint, ¶ 14).  The letter was signed by nine bartenders and given to their Union delegate to pass on to the Union trustee (¶ 15).  Pérez raised the issue at an assembly held in the Union offices to discuss the negotiations on May 28 or 29, 2006.  At another assembly held approximately two weeks later, Pérez again discussed the matter with a Union officer, who allegedly told him that among the negotiators were two bartenders who  would benefit from the new arrangement.  Ortiz then sent a letter around August 15, 2006 expressing his disagreement with the elimination of the rotation and suggested collecting signatures of all bartenders from the Atlántico and Oasis bars.  Notwithstanding the objections raised, the CBA was allegedly approved and signed on October 18, 2006,

---

[1]Plaintiffs make two different statements as to the facts.  In paragraphs 11 through 13 they state that the bartenders rotated through all the bars in the Atlántico and under the new provision the three with seniority would work only at the "main bar."  At paragraph 26 they allege that the three "stopped rotating and were assigned to work fixed shifts in the **bars** of the Atlántico area" while the others continued rotating in the rest of the bars.  (Our emphasis.)

CIVIL 07-1887CCC                                 3

retroactive to September 1, 2006.[2]  On the same date, the Hotel and the Union also

allegedly entered into a "Memorandum of Understanding Number 2, which in its clause (g)

provided:

> The parties have agreed that even though the assignment of
> work for the bartenders in the Atlántico area will be done by
> seniority, the three (3) bartenders with greatest seniority in
> Atlántico will not rotate during the life of this Collective
> Bargaining Agreement.  It is further agreed that this will not set
> a precedent for future situations, neither will it do so in the
> assignment of tasks and areas of work in the Hotel.

Plaintiffs allege that the clause has had the effect of greatly increasing the amount

of tips received by its beneficiaries while at the same time reducing their own tips.  They

further aver that the sole purpose of the clause was to economically favor Hiram Avila, who

was third in seniority, without violating the seniority clause, contained in Article VII of the

CBA.  Plaintiffs allege that

Plaintiffs allege that

> . . . [b]y stipulating and implementing [the new rotation policies]
> over the objections and protests of the plaintiffs and of the
> majority of the bartenders of the Atlántico area, with the effect
> of reducing considerably the tips that the latter receive for their
> work, which constitute a significant part of their salaries and,
> therefore, acquired rights, the Caribe Hilton acted negligently by
> exercising negligently, carelessly, discriminatorily, without
> consideration of and without watching out for the rights of
> plaintiffs, its right to establish and execute reasonable rules and
> regulations in matters related to the operation, control and
> administration of the Hotel....

(Complaint, ¶ 37.)

---

[2]Plaintiffs aver that, beginning approximately  the first week of October, 2006, the
three most senior bartender, two of whom had allegedly participated in the negotiations, had
begun working fixed shifts in the Atlántico bars.

CIVIL 07-1887CCC                              4

    In ¶ 38 the defendants aver that the Hilton has deprived them of their fundamental rights under Puerto Rico's Constitution to the enjoyment of their property, not to be deprived of their property without due process of law, as well as to the equal protection of the laws as well as to receive equal pay for equal work.

    Plaintiffs accuse the Union of a creating a conflict of interest in allowing a delegate and another Union member to negotiate for their own economic benefit terms and conditions of work over the objections of the majority of the bartenders in the Atlántico area.

    Now before the Court are two Motions to Dismiss under Rule 12(b)(6) filed by the Union and the Hilton  (**docket entries 8 and 12,** respectively).  Both defendants raise as a defense that this action is time-barred.  The Hilton also raises, a defense to plaintiff's claim,  the decision of the General Counsel of the National Labor Relations Board denying the appeals of the Regional Director's refusal to issue a complaint based on plaintiffs' allegations.  Plaintiffs opposed both motions (**docket entries 10 and 13**, respectively).

    Defendants argue that the events alleged by plaintiffs constitute a "hybrid" Section 301/fair representation claim.[3]  Demars v. General Dynamics Corp., 779 F.2d 95, 97 (1st Cir. 1985).  Plaintiffs' own allegations reflect that the changes in the rotation provision were put into effect in early October, 2006 and that the CBA and Memorandum were signed on October 18, 2006.  Therefore, inasmuch as actions under this section have a limitations period of six months as set forth in Section 10(b) of the Act, 29 U.S.C. §160(b), this suit had

---

[3]Section 301(b) of the NLRA provides, in pertinent part:

> That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge . . . unless the person aggrieved thereby was prevented from filing such charge by reason of services in the armed forces, in which event the six-month period shall be computed from the day of his discharge.

CIVIL 07-1887CCC                    5

to be filed no later than May 18, 2007.  It was not filed until August 31, 2007, more than three months after the new rotation plan was officially adopted, and, therefore, it is time-barred.

_____The Supreme Court in Del Costello v. International Brotherhood of Teamsters, 462 U.S.151, 171(1983), succinctly held that the six-month limitations applicable to the employee's action against the employer for breach of the CBA and against the Union for breach of its duty of fair representation in that such actions did not have a close analogy in ordinary state law.

Plaintiffs argue, however, that in the particular circumstances of this case, the one-year statute of limitations governing tort actions should be applied.  Nonetheless, after an eleven-page recitation of the facts and applicable law, they state, at pp.11-12 of their opposition to the Union's motion:

> Based on the above, the Plaintiffs concede that the Complaint alleges breach of the CBA by Defendant Caribe Hilton and breach of the duty of fair representation by the Union, that interpretation of the CBA is required and therefore LMRA Section 301 mandates the application of federal law, displacing any inconsistent state law.  Therefore, the Plaintiffs did not move for remand.

Plaintiffs also noted, in footnote 26, that in J.R.T v. Union de Tronquistas, 117 D.P.R. 790 (1986), the Supreme Court of Puerto Rico held that in labor cases of concurrent jurisdiction of the federal and state forums, federal law applies, including matters pertaining to the statute of limitations.  Further, they do not contest the applicability of the six-month statute of limitations set forth in Del  Costello.

Their arguments for applying the one-year statutes of limitations followed.  Because their complaint alleged violation of their rights under the Puerto Rico Constitution through a conspiracy by the two defendants, and because the "allegations nevertheless sounded in tort under Article 1802 of the Civil Code," Id., at 12, we should apply the longer period for filing.  No specifics a to the conclusory accusation of "conspiracy" are averred.

CIVIL 07-1887CCC                         6

Plaintiffs allude to three cases, <u>Sociedad de Gananciales v. Royal Bank</u>, 145 D.P.R. 178 (1998); <u>Santini Rivera v. Serv. Air</u>, 137 D.P.R. 1 (1984) and <u>Rivera v. Security National Life Insurance</u>, 106 D.P.R. 517 (1977), in which the Supreme Court allowed "tort claims against employers based on "independent" torts, that is, negligent or tortious conduct incurred by employers which do not directly violate any labor laws."  Therefore, they contend, there is nothing to impede this Court from applying Puerto Rico tort law to its claims.  They have not, however, identified an independent claim unrelated to the agreement between the Hilton and the Union regarding the bartender's rotation.

They also contend that the longer period should apply because the final decision of the appeal of the NLRB's decision was not handed down until April 24, 2007.  As noted by this Court in <u>Cortés v. Airport Catering Services Corp</u>., 386 F.2d 14, (D. Puerto Rico 2005), it is discussion of <u>Arriaga-Zayas v. International Ladies' Garment Workers' Union-Puerto Rico Council</u>, 835 F.2d 11 (1st Cir. 1987):

> . . . the filing of an unfair labor practice charge with either the NLRB or the PRLRB **does not toll the statute of limitations on a hybrid Section 301/fair representation action arising out of the same nucleus of operative fact**, as those agencies jurisdiction is concurrent with that of the district court.

(Citations omitted, our emphasis.)

Therefore, while plaintiffs' argument is passionate, it is not persuasive. Notwithstanding that the hybrid federal claim may "sound like" a tort or breach of contract claim having longer statutes of limitations under state law, it  is very much a figure of federal law that has its own six-month period of limitation.

Accordingly, for the above-stated reasons, the defendants Motions to Dismiss **(docket entries 8 and 12)** are GRANTED.  The claims for unfair employment practice

CIVIL 07-1887CCC                                    7

by the employer Caribe Hilton Hotel and breach of the duty of fair representation by the
Union are DISMISSED.

     SO ORDERED.

     At San Juan, Puerto Rico, on September 24, 2008.

                                S/CARMEN CONSUELO CEREZO
                                United States District Judge